UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PATRICIA GILLERY,<br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK,<br>Defendant. | CIVIL ACTION NO.: 05-356 S |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, National Railroad Passenger Corporation ("AMTRAK") and in response to Plaintiff's *Complaint* answers as follows:

1. The Defendant, AMTRAK is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶1 and therefore calls upon Plaintiff to prove the same.

2. The Defendant, AMTRAK is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶2 and therefore calls upon Plaintiff to prove the same.

3. The Defendant, AMTRAK is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶3 and therefore calls upon Plaintiff to prove the same.

4. The Defendant, AMTRAK is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶4 and therefore calls upon Plaintiff to prove the same.

5. Denied.

6. Denied.

7. **WHEREFORE**, the Defendant, AMTRAK states that Plaintiff's *Complaint* against it should be dismissed and that judgment enter for Defendant, AMTRAK together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems just and proper under the circumstances.

**FIRST AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes and regulations including, but not limited to, 45 U.S.C. §1, *et seq.* and/or 49 U.S.C. §10101, *et seq.*

**SECOND AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff's claims are preempted or precluded by federal law.

**THIRD AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff's *Complaint* should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

AMTRAK states that to the extent that it had any obligations to Plaintiff, such obligations have been fully, completely and properly performed in every respect.

**FIFTH AFFIRMATIVE DEFENSE**

AMTRAK states that each cause of action is barred by laches in that Defendant has been prejudiced by the excessive delay of the plaintiff in seeking the relief requested.

**SIXTH AFFIRMATIVE DEFENSE**

AMTRAK states that any damages that Plaintiff ultimately recovers, if any, should be apportioned by allocating a percentage to Plaintiff's pre-existing condition and/or prior accidents and have Plaintiff's damages, if any, reduced by the amount of her allocation.

**SEVENTH AFFIRMATIVE DEFENSE**

AMTRAK states that the acts complained of were not committed by a person for whose conduct Defendant was legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff's claims as alleged in the *Complaint* are barred by the applicable statutes of limitation. Accordingly, the Defendant hereby pleads all applicable statutes of limitation as a complete bar to the entirety of Plaintiff's claims.

**NINTH AFFIRMATIVE DEFENSE**

AMTRAK states that any alleged negligence it may have committed was superseded and/or replaced by the conduct of third persons over whom the Defendant exercised no responsibility or control.

**TENTH AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff has failed to mitigate her damages, wherefore any damages awarded must be reduced by the degree of failure to mitigate.

**ELEVENTH AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff was guilty of a violation of law or job regulation which contributed to cause the alleged injury or damage complained of.

**TWELFTH AFFIRMATIVE DEFENSE**

AMTRAK states that the *Complaint* should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as Plaintiff has failed to give notice of any claim as required by law and Defendant was thereby prejudiced, wherefore Plaintiff is barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors including events occurring prior or subsequent to the occurrence made the basis of Plaintiff's claims against Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AMTRAK states that while denying that Plaintiff sustained the damages as alleged, any damages Plaintiff may ultimately be entitled to recover from Defendant may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of Plaintiff's *Complaint* seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of Plaintiff's *Complaint* should be stricken.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AMTRAK states that if the Plaintiff proves that he did sustain the damages and/or

injuries in the fashion alleged, Defendant believes that the plaintiff's own negligence contributed, in a substantial way, to the happening and/or occurrence of the alleged injuries, and accordingly, the Defendant pleads the Plaintiff's comparative negligence in diminution of any award Plaintiff may ultimately receive.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AMTRAK states that it used reasonable care under the circumstances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

AMTRAK says that Plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including but not limited to, the FELA, the Boiler Inspection Act, the Locomotive Act and/or the Safety Appliance Act.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

AMTRAK hereby pleads the defense of release to all of Plaintiff's claims alleged in the *Complaint*.

**NINETEENTH AFFIRMATIVE DEFENSE**

AMTRAK hereby pleads any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that Plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

**TWENTIETH AFFIRMATIVE DEFENSE**

AMTRAK pleads all provisions of the Regional Reorganization Act as a complete bar to any direct liability of AMTRAK.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

AMTRAK states that the *Complaint* should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

AMTRAK states that Plaintiff was not within the scope of her employment at the time of her alleged injuries and, therefore, recovery under the FELA is precluded.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

AMTRAK states that to the extent Plaintiff's *Complaint* attempts to assert, explicitly or implicitly, that AMTRAK is a successor-in-interest to any other entity or entities, all said averments are specifically denied in their entirety.

**JURY DEMAND**

The Defendant, AMTRAK hereby requests a trial by jury.

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (#4684)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: September 14, 2005

and

Michael B. Flynn, Esq.
John E. Young, Esq.
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER TO THE PLAINTIFF'S COMPLAINT was sent by prepaid first class mail on this 14th day of September, 2005 to:

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place
Suite 1313
Providence, RI 02903